Mathews, J.
delivered the opinion of the court. This is a suit brought by the appellees, *394 (who were plaintiffs in the court below) against the bank ; to recover damages to the amount of a note of hand, set forth in their petition, on account of negligence and misconduct, on the part of said bank, by its officers, in not pursuing proper and legal means, for the collection of said note, by demanding payment from the maker, at the place therein expressed, &c.
East’n District.
July, 1820.
The evidence in the cause shews clearly, that the demand of payment was not made, at the house designated in the note, but at another place. As an excuse for this change, in making the demand ; the testimony of the runner of the bank is given, to shew that it was made, in consequence of instructions from the plaintiffs, through their clerk ; who is also produced as a witness, and testifies to facts, directly contradictory to those established by the runner.
The testimony of these two witnesses, which is very important, in the decision of the suit, cannot be reconciled, and as credit is given to one or the other, so must be the judgment either in favor of the plaintiffs or defendants. The district court, before which the witnesses were heard, seems to have believed the clerk of the appellees ; and we can perceive no good reason to induce us to view the testimony in a different light, from that in which it was considered *395 by the court below. But suppose the contradictory facts, as related by these witnesses, are put entirely out of the question, on the principle of two equal and opposite powers, by destroying each other, being incapable of producing any effect ; then it is clear, from the face of the note and other evidence in the case, not contradicted, that the demand of payment was not legally made ; and consequently, that the bank is liable for its negligence and misconduct.
Morse for the plaintiffs, Moreau, for the defendants.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court, be affirmed with costs.